**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 26-06966 |
| Nakia Y Adams | ) | HON. Daniel R Fine |
| | ) | CHAPTER 7 |
| | ) | |
| Nakia Y Adams | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ADV. NO. 26 AP _____ |
| | ) | |
| Prestige Financial Services | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

**COMPLAINT TO RECOVER PREFERNTIAL PAYMENTS**

**Preliminary Statement**

1.  Ther is a complaint about recovering a preferential payment.

**Jurisdiction, Venue and Standing**

2.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334
    and 157, as this action arises in and relates to the bankruptcy case, *In re Nakia Y. Adams*,
    Case No. 26-06966, filed on April 22, 2026, and currently pending before this Court. Count
    I of the Complaint constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

## Parties

4.  The plaintiff, Nakia Y Adams, Debtor, filed a petition for relief pursuant to Chapter 7 Title 11 U.S.C on April 22, 2026.

5.  Defendant, Prestige Financial Services, is a corporation and their legal department is located at 351 W Opportunity Way, Draper, UT 84020, and is a creditor of Plaintiff.

## Statement of Facts

6.  Before the petition in the case was filed, the Plaintiff owed an unsecured debt to the Defendant.

7.  Subsequently the Defendant garnished the Plaintiff from her job for some time.

8.  Plaintiff filed her bankruptcy petition on April 22, 2026.

9.  In the 90 days that preceded the petition, the Defendant garnished approximately $1,177.33 from the Plaintiff's wages.

10. The garnishment occurred from a lawsuit filed by Prestige Financial Services with case number 20211115193 in Circuit Court Of Cook County, Illinois.

11. All of the money that was garnished from the Plaintiff's wages has been claimed by her as exempt property in her voluntary petition Schedules C.

## Count I – Recovery of Preferential Payments

12. The payments received by Defendant were received by the defendant within 90 days before the date the petition was filed.

13. The payments received by the Defendant were on account of an antecedent debt.

14. The payments received by the Defendant were received while Plaintiff was insolvent.

15. The payments received by the Defendant enabled it to receive more than it would receive in this Chapter 7 case if the transfer had not been made.

16. The transfer of the money withheld from Plaintiff's wages is a preferential transfer under

11 U.S.C. § 547(b).

Pursuant to 11 U.S.C. § 522(h), the Plaintiff is therefore authorized to avoid the preferential

transfer.

WHEREFORE, the Plaintiff, prays this Honorable Court enters a judgment:

a. Avoiding the transfer to Defendant, Prestige Financial Services;

b. In favor of Plaintiff-Debtor, Nakia Y Adams, and against Defendant, Prestige Financial

Services, in the amount of $1,177.33;

c. Granting such other, further and different relief as may be just and proper.


Respectfully submitted,

__/s/ Megan Holmes__
Attorneys for Plaintiffs

THE SEMRAD LAW FIRM, LLC,
11101 S. Western Avenue
Chicago, IL 60643
mholmes@semradlaw.com